UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

------------------------------------------------------------------------x

Rosalind Richmond,

            Plaintiff,                                    Civil Action No: 5:21-cv-68

                                                          **DEMAND FOR JURY TRIAL**

   -against-

Medicredit, Inc.,

           Defendant.

------------------------------------------------------------------------x

Plaintiff Rosalind Richmond (hereinafter referred to as "Plaintiff"), by and through her attorneys, brings this Complaint against Defendant Medicredit, Inc. (hereinafter referred to as "Defendant"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et seq. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where the Plaintiff lives as well as where a substantial part of the events or omissions giving rise to the claim occurred.

5. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 et seq., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of North Carolina, County of Iredell.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## STANDING

10. A debtor had standing to bring suit against a debt collector under the FDCPA based on the collector's failure to report the debt as disputed, a specific procedural violation of 15 U.S.C.S. § 1692e(8), and more generally a violation of 15 U.S.C.S. § 1692e (prohibiting broadly any false, deceptive, or misleading representation in the collection of a debt); (Brown v. R&B Corp. of Va., 267 F. Supp. 3d 691, 694).

11. The FDCPA's procedural requirement that debt collectors accurately report disputed debts as disputed was intended to protect the debtor's substantive right in being free from abusive debt collection practices; *Id.*

12. Plaintiff consumer disputed the debt and Defendant collector failed to accurately report the dispute, a violation of a procedural right that had a risk of real harm and thereby a concrete injury for purposes of standing. *Id.*

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. Upon information and belief, some time prior to September 15, 2020, Defendant began collection activities for alleged consumer debts against Plaintiff. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes and is therefore a consumer-related "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Specifically, the debts (four in total) were allegedly incurred for medical services provided to the Plaintiff.

16. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

17. Plaintiff disputed the alleged debts through the CFPB on or around September 15, 2020.

18. Upon information and belief, the CFPB communicated these disputes to the Defendant and required that the Defendant provide a response.

19. Defendant responded to the Plaintiff with information attempting to validate these alleged debts. However, the information the Defendant provided to the Plaintiff was not in relation to these alleged debts, rather it was information regarding the regarding the wrong person, and even worse, included a strangers medical patient consent form.

20. The Plaintiff graciously brought this to the attention of the CFPB and the Defendant, to which the Defendant acknowledged its error in a communication to the Plaintiff and apologized for the providing the wrong documentation.

21. To date though, Defendant has failed to validate the debts they allege belong to the Plaintiff.

22. Furthermore, Defendant has not corrected the Plaintiff's credit report, nor does it reflect that the Plaintiff disputed these alleged debt that are still being reported by the Defendant.

23. Defendant violated the FDCPA in that it did not report that Plaintiff had disputed the Alleged Debt. As explained in *Wilhelm v. Credico, Inc.,* 519 F.3d 416 (8th Cir.2008) - "The relevance of the portion of § 1692e(8) on which [plaintiff] relies—'including the failure to communicate that a disputed debt is disputed'—is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, Defendant violated the FDCPA in that it omitted a piece of information that is always material, namely, that the

consumer has disputed the Alleged Debt. (*See also O'Fay v. Sessoms & Rogers*, P.A., holding that once a debt collector elects to communicate credit information about a consumer, "it must not omit . . . that the consumer has disputed a particular debt," 2010 U.S. Dist. LEXIS 104307, *23.)

24. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:

Disputed debt: If a debt collector knows that a debt is disputed by the consumer ... *and reports it to a credit bureau,* he must report it as disputed. Post-report dispute: *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported. Id.* at 418 (emphasis in original) (citing FTC Staff Commentary, 53 Fed.Reg. 50097–02, 50106 (Dec. 13, 1988))

25. Many district courts have followed *Wilhelm*, holding that a debt collector who knows that a debt is disputed by the Consumer and reports it to a credit bureau must report it as disputed. *See, e.g., Jacques v. Solomon & Solomon P. C.,* 2012 U.S. Dist. LEXIS 118092, ** 11 (D.Del.2012) (holding that the duty to report a debt under [Section 1692e(8) ] arises if one elects to report credit information); *Edeh v. Aargon Collection Agency, LLC,* 2011 U.S. Dist. LEXIS 79160, *10-11 (D.Minn.2011) ( "[I]f a debt collector knows or should know that a given debt is disputed, the debt collector must disclose the debt's disputed status to persons inquiring about a consumer's credit history"); *Benson v. Med–Rev Recoveries, Inc. (In re Benson),* 445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010); *Kinel v. Sherman Acquisition II LP,* 2006 U.S. Dist. LEXIS 97073, *57 (S.D.N.Y.2006) ("holding that a cause of action under Section 1692e(8) is stated where defendant is alleged to have communicated inaccurate information to a third party about a disputed debt); *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005) (noting that if a debt collector reports a consumer debt to a credit bureau under Section 1692e(8), and the

5

debt collector knows that the debt is disputed by the consumer, then the debt collector must also report that debt as disputed).

26. Here, Defendant reported the alleged debt on the Plaintiff's credit report, after Defendant knew about the Plaintiff's disputes and its own failure to validate the debt, yet failed to include that the debt was disputed to the credit reporting agencies.

27. When Defendant re-reported the credit account after it received Plaintiff's dispute letter, Defendant failed to list the accounts as "disputed by consumer" despite being required to do so under U.S.C. § 1692e(8).

28. As a result of the failure to remove the debts, or mark same as disputed, Plaintiff's credit score suffered and was significantly lowered, which has resulted in Plaintiff's inability to obtain credit, and/or credit with less favorable interest rates and may have the result of hindering future employment opportunities.

29. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

31. When Defendant re-reported the collection accounts after it received Plaintiff's dispute, Defendant failed to list the account as "disputed by consumer" despite being required to do so by the FDCPA.

32. Furthermore, Defendant continues to report these accounts on the Plaintiff's credit report dispute its own failure and inability to properly verify through the CFPB that these collection accounts actually are the Plaintiff's personal liabilities.

33. Defendant's failures constitute violations of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

34. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rosalind C. Richmond demands judgment against Defendant Medicredit, Inc. as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 23, 2021

Respectfully Submitted,

/s/ Randolph Emory
C. Randolph Emory
**The Emory Law Firm, P.C.**
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262

/s/ Yaakov Saks
**Stein Saks, PLLC**
By:  Yaakov Saks
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com
PRO HAC VICE PENDING

*Attorneys for Plaintiff*