# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00068-KDB-DSC

| | |
|---|---|
| ROSALIND RICHMOND,<br><br>Plaintiff,<br><br>v.<br><br>MEDICREDIT INC.,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss or Transfer for Lack of Personal Jurisdiction and Improper Venue" (document #5) filed May 24, 2021, as well as the parties' briefs and exhibits (documents ## 6, 10, 11).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Lab'ys, Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). Where the issue of personal jurisdiction is disputed, the Court may order discovery directed at jurisdictional issues alone. See, e.g., SAS Inst. Inc. v. World Programming Ltd., No. 5:10-CV-25-FL, 2011 WL 1059139, *5-7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting that such discovery typically should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions, LLC v. Giannasca New

Orleans, LLC, No. CIV. WDQ-09-2651, 2010 WL 889551, at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that the parties should conduct limited jurisdictional discovery as outlined below. The jurisdictional facts are disputed but should be easily clarified through limited discovery. Accordingly, the Court will administratively <u>deny</u> Defendant's Motion to Dismiss without prejudice to the right to renew the Motion following completion of jurisdictional discovery.

**IT IS HEREBY ORDERED** that:

1. The parties shall conduct limited jurisdictional discovery with a deadline of August 23, 2021. Discovery shall be confined to personal jurisdiction issues related to Defendant's conduct towards the forum state.

2. Defendant's "Motion to Dismiss or Transfer for Lack of Personal Jurisdiction and Improper Venue" (document #5) is ADMINISTRATIVELY DENIED **WITHOUT PREJUDICE** to the right to renew the Motion following completion of jurisdictional discovery.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: June 22, 2021

David S. Cayer
United States Magistrate Judge