IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 5:21-CV-00068-KDB-DSC

ROSALIND RICHMOND, )
)
        Plaintiff, )
)
v. )
)
)
MEDICREDIT INC., )
)
)
)
        Defendant. )

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant's Renewed Motion to Dismiss or Transfer for Lack of Personal Jurisdiction and Improper Venue" (document # 33), as well as the parties' briefs and exhibits (documents # 34-36).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction <u>be denied</u> as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, Defendant was employed to collect a debt Plaintiff owed to Novant Medical Group Inc. Plaintiff disputed the debt. Defendant failed to report the debt as disputed or correct Plaintiff's credit report.

Plaintiff filed her Complaint alleging that Defendant violated the Fair Debt Collection Practices Act (FDCPA) (document #1). Defendant moved to dismiss the Complaint alleging lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) (document # 5). The Court administratively denied this Motion without prejudice (document # 12). After limited jurisdictional discovery, Defendant filed a Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (document #33).

## II. DISCUSSION

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party. The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); Gen. Latex and Chem. Corp. v. Phoenix Med. Tech., Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991). A plaintiff must prove facts sufficient for the Court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Analysis of personal jurisdiction involves a two-part inquiry: first, whether the exercise of jurisdiction is authorized under the state's long-arm statute; and second, whether the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment. Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 677 (M.D.N.C. 2011). Under the long-arm statute, N.C. Gen. Stat. § 1-75.4, North Carolina courts exercise "personal jurisdiction over a defendant to the outer limits allowable under federal due process." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). Thus, the two-part inquiry

merges into a single issue: whether the exercise of jurisdiction comports with due process. Id. at 559.

A court may exercise general jurisdiction over a non-resident defendant if that defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Plaintiff does not allege that Defendants have had continuous and systematic contacts with this State. Its arguments are directed at specific personal jurisdiction.

The district court may exercise specific personal jurisdiction over a defendant if that defendant has sufficient "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The test relies on "the concept that a corporation that enjoys the privilege of conducting business within a state bears the reciprocal obligation of answering to legal proceedings there." Id. On the other hand, it aims to protect defendants from being "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Accordingly, specific personal jurisdiction "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n. 15 (4th Cir. 2009); see also World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 310, 317-18 (1945). The "minimum contacts" analysis "looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014).

In assessing a defendant's contacts with the forum state, the court does "more than formulaically count contacts, instead taking into account the qualitative nature of each of the

defendant's connections to the forum state." Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2021). For example, the defendant's conduct "must be directed at the forum state in more than a random, fortuitous, or attenuated way." CFA Inst., 551 F.3d at 293 (quoting ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997)). Rather, it must "amount to a surrogate for presence and thus render the exercise of sovereignty just." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277-78 (4th Cir. 2009) (quoting ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997)). The defendant's actions must give him "fair warning that a particular activity may subject [him] to the jurisdiction of a foreign sovereign." Burger King, 471 U.S. at 472 (internal quotation marks omitted).

The Fourth Circuit has synthesized these considerations into a three-part test: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 189 (4th Cir. 2016) (internal quotations omitted). The plaintiff must prevail on each prong. Id.

The first prong, purposeful availment, is applied flexibly and on a case-by-case basis. It cannot be applied mechanically. See Consulting Eng'rs, 561 F.3d at 278; Tire Eng'g, 682 F.3d at 302; Int'l Shoe, 326 U.S. at 319; Kulko v. Superior Court, 436 U.S. 84, 92 (1978). The court considers "various nonexclusive factors in seeking to resolve whether a defendant has engaged in [ ] purposeful availment." Consulting Eng'rs, 561 F.3d at 278. In determining whether a defendant has purposely availed itself of the privilege of conducting business in a state, the Fourth Circuit has identified several non-exclusive factors to be considered, such as "(1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the

State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted." Sneha Media & Entm't, LLC v. Associated Broad. Co. P. Ltd., 911 F.3d 192, 198-99 (citing Consulting Eng'rs Corp., 561 F.3d at 278). If the court finds that "the plaintiff has satisfied this first prong of the test for specific jurisdiction," it moves on to consider the second and third prongs. Consulting Eng'rs, 561 F.3d at 278.

The second prong of the test for specific jurisdiction requires that defendant's contacts with the forum state form the basis of the suit. See Burger King, 471 U.S. at 472; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). This analysis is typically straightforward. "Where activity in the forum state is the genesis of the dispute, this prong is easily satisfied." Tire Eng'g, 682 F.3d at 303 (internal quotation marks omitted).

Finally, the third prong requires that the exercise of personal jurisdiction be constitutionally reasonable. This "permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." Consulting Eng'rs, 561 F.3d at 279. In determining whether jurisdiction is constitutionally reasonable, courts consider factors such as: "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states

in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." Consulting Eng'rs, 561 F.3d at 279.

As the Fourth Circuit has explained, "[m]ore generally, our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp., 471 U.S. at 478). As the Fourth Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g., 682 F.3d at 301.

This Court has previously exercised specific personal jurisdiction over an out-of-state debt collection agency that contacted a North Carolina plaintiff. Hinyub v. AA Recovery Solutions, Inc., 2020 WL 5899110, *2 (W.D.N.C. Oct. 5, 2020). Other courts within the Fourth Circuit have also exercised specific personal jurisdiction over debt collection agencies under similar circumstances. Chartier v. M. Richard Epps, P.C., 2014 U.S. Dist. LEXIS 133147 (D. Md. Sept. 23, 2014). In Chartier, the court held that defendant "purposefully availed itself of the privilege of conducting activities in the forum by" sending emails to plaintiff in an attempt to collect a debt. Id. at *23-*24. But see Artis v. Receivables Performance Management, LLC, 2020 WL 987810 (D. Md. Feb. 27, 2020) (finding lack of personal jurisdiction because "telephone conversations from an out-of-state defendant to a plaintiff that were received in that state do not suffice to establish the defendant's minimum contacts with the forum state without something more").

Defendant argues that specific personal jurisdiction is improper because it does not have "minimum contacts" with North Carolina and its "alleged acts and omissions forming the basis of

Plaintiff's claims were neither taken in or from North Carolina nor directed to North Carolina." (Answer ¶ 7).

Plaintiff argues that Defendant purposefully availed itself of specific personal jurisdiction by sending letters to her North Carolina address and calling her at her North Carolina phone number. Plaintiff does not argue that general jurisdiction is applicable.

Applying the law to the facts here, there is a basis for the exercise of personal jurisdiction over Defendant. By contacting Plaintiff through her North Carolina phone number and at her North Carolina address, Defendants purposefully availed themselves of the privilege of conducting business here. Defendant called Plaintiff eleven times on her cell phone which has a North Carolina area code (document # 33, pg. 3). Plaintiff also called Medicredit five times (document # 33, pg. 3). Defendant sent mail—itself and through its letter vendor—to Plaintiff at her North Carolina address (document # 33, pg. 3). Defendant's contacts with North Carolina were therefore more extensive than those in Hinyub.

Moreover, Defendant relies only on cases where the plaintiff sued a service provider or other entity it contracted with rather than a debt collector as here.

Defendant also alleged improper venue but concedes that the personal jurisdiction and venue analyses overlap. Since personal jurisdiction is proper, further analysis of venue is not necessary.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer of Venue, Doc. 33, be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO RECOMMENDED.**

Signed: February 8, 2022

David S. Cayer
United States Magistrate Judge